# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>      Debtors and Reorganized Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      Plaintiff-Movant,<br><br>v.<br><br>HON. PEDRO PIERLUISI URRUTIA, in his official capacity as Governor of Puerto Rico,<br><br>      Defendant-Respondent. | Adv. Proc. No. 22-00063-LTS<br>in 17 BK 3283-LTS |

### URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ORDER SETTING EXPEDITED BRIEFING SCHEDULE

**To the Honorable United States District Judge Laura Taylor Swain:**

      Plaintiff the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), for itself and as Title III representative of the Commonwealth of Puerto Rico (the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

"Commonwealth"), respectfully submits this Urgent Motion for an Order Setting an Expedited Briefing Schedule (the "Urgent Motion") in connection with Adversary Proceeding No. c22-00063-LTS (the "Adversary Proceeding"). In support of this Urgent Motion, the Oversight Board respectfully states as follows:

## BACKGROUND

1. On four occasions,[2] the Oversight Board advised the Honorable Pedro R. Pierluisi Urrutia (the "Governor" or "Defendant") it had determined Act 41 impaired or defeated PROMESA's purposes. Indeed, it provided the Governor with a presentation from its economist explaining how Act 41 rendered employment in the Commonwealth more onerous and expensive, thereby diminishing economic growth and opportunity. The Oversight Board advised the Governor that PROMESA § 108(a)(2) barred him from enacting Act 41. Nevertheless, the Governor contravened the statute and enacted Act 41 which instantaneously imposes expense and burdens on all employers. Then, on two occasions,[3] the Oversight Board provided the Governor the opportunity to agree to a stipulated order suspending Act 41 to avoid litigation while the parties discuss it. The Governor spurned each of the Board's overtures.

2. The Oversight Board brings this motion because the Governor refused to agree to an expedited summary judgment schedule while Act 41 continues in effect. The Governor agreed to a schedule for responding to the Oversight Board's complaint and to the determination of its potential motion to dismiss, but not for the complaint's adjudication by summary judgment. Therefore, the Oversight Board requests the Court to impose an expedited schedule for summary

---

[2] *See Financial Oversight and Management Board for Puerto Rico's Complaint in Respect of Act 41-2022 Against the Governor of Puerto Rico* [ECF No. 1] (the "Complaint" or "Compl."), Exhibits 17, 23, 30, 35; *see also id.*, Exhibit 11 (regarding the Act's predecessor, House Bill 3-2021).

[3] *See id.*, Exhibits 30, 33.

2

judgment to adjudicate the claims in the Complaint, or alternatively, to set an expedited schedule for a hearing on a preliminary injunction suspending the effectiveness of Act 41 so the Board can stop the harm from Act 41 until the Oversight Board's claims are adjudicated on the merits.

3. On September 1, 2022, the Oversight Board filed the Complaint against the Governor in his official capacity, which seeks to nullify Act 41-2022 ("Act 41" or the "Act").

4. On September 2 and September 6, 2022, in compliance with the Sixteenth Amended Case Management Procedures, Case No. 17-Bk 3283-LTS [ECF No. 20190-1] (the "Case Management Procedures") section I.H, the parties met and conferred regarding setting an expedited schedule for adjudication of the Adversary Proceeding.

5. During those discussions, the Oversight Board informed Defendant of its intention to move for summary judgment on each of the claims in the Complaint on an expedited basis and without setting a schedule for pre-summary judgment discovery. Counsel for Defendant did not object to an expedited schedule for responding to the Complaint and, if Defendant moves to dismiss the Complaint, a briefing schedule on the motion to dismiss. Accordingly, the parties agreed that Defendant shall answer or otherwise respond to the Complaint by 11:59 p.m. AST on September 15, 2022. The parties also agreed on the following briefing schedule for a motion to dismiss the Complaint under Rule 12 of the Federal Rules of Civil Procedure. If Defendant timely files a motion to dismiss the Complaint, the Oversight Board shall respond by September 29, 2022 at 11:59 p.m. (Atlantic Standard Time), with any reply from Defendant due on October 8, 2022 at 11:59 p.m. (Atlantic Standard Time).

6. Defendant, however, declined to agree to the Oversight Board's proposed schedule regarding summary judgment. In particular, on September 2, 2022, counsel for Defendant stated the Governor intends to seek discovery on some or all of the Complaint's claims. On

September 6, 2022, counsel for Defendant stated the Governor would require substantially more time (six weeks) to respond to a motion for summary judgment than provided in the Oversight Board's proposed schedule. Because the parties have been unable to reach agreement on an expedited summary judgment schedule for the Adversary Proceeding, the Oversight Board respectfully submits this Urgent Motion seeking entry of the schedules set forth in the proposed order attached hereto as **Exhibit A** for summary judgment or for a hearing on a preliminary injunction (the "Proposed Order").

### JURISDICTION AND VENUE

7. The United States District Court for the District of Puerto Rico has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), a federal statute, and pursuant to PROMESA §§ 106(a) and 306(a)(2), because the action arises out of PROMESA and relates to the Commonwealth's Title III case. The Court retains jurisdiction pursuant to the confirmed Plan.[4] Section 91.1(k) of the Plan and decretal paragraph 83 of the Confirmation Order[5] require exercise of the Court's subject matter jurisdiction because Act 41 violates decretal paragraphs 25 and 79 of the Confirmation Order and impairs the Commonwealth's ability to meet its obligations pursuant to the Plan.

8. Venue is proper in this District pursuant to PROMESA §§ 106(a) and 307. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in the District

---

[4] "Plan" refers to the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, dated January 14, 2022, Case No. 17-03283-LTS [ECF No. 19784].

[5] "Confirmation Order" refers to the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority*, dated January 18, 2022, Case No. 17-03283-LTS [ECF No. 19813].

4

and because a substantial part of the events or omissions giving rise to the action occurred in the District.

9. The statutory basis for the relief requested herein is found under § 106(d) of PROMESA, § 105(a) of the United States Bankruptcy Code, made applicable to these Title III cases by PROMESA § 301(a), and Local Bankruptcy Rule 9013-1, made applicable to these Title III cases by PROMESA § 310.

## RELIEF REQUESTED

10. The Oversight Board respectfully requests the Court enter the following expedited schedule, as set forth in the Proposed Order, for (*i*) Defendant to respond to the Complaint and (*ii*) the parties to file summary judgment motions on some or all of the claims in the Complaint, or, in the alternative, (*iii*) for the Oversight Board to request a preliminary injunction and Defendant to file its opposition:

    a. Any response to the Complaint shall be filed and served by **September 15, 2022 at 11:59 p.m. (Atlantic Standard Time)**.

    b. If Defendant files a motion to dismiss the Complaint, the Oversight Board shall respond by **September 29, 2022 at 11:59 p.m. (Atlantic Standard Time)**, with any reply from the Defendant due on **October 8, 2022 at 11:59 p.m. (Atlantic Standard Time).**

    c. If Defendant timely moves to dismiss the Complaint, any party to the Adversary Proceeding may move for summary judgment by **October 13, 2022 at 11:59 p.m. (Atlantic Standard Time)**, and the opposing party shall have until **October 27, 2022 at 11:59 p.m. (Atlantic Standard Time)** to respond, with the moving party's reply due **November 7, 2022 at 11:59 p.m. (Atlantic Standard Time).**

        d.      If Defendant files an Answer to the Complaint on September 15, 2022, any party to the Adversary Proceeding may move for summary judgment by **September 29, 2022 at 11:59 p.m. (Atlantic Standard Time)**, and the opposing party shall have until **October 13, 2022 at 11:59 p.m. (Atlantic Standard Time)** to respond, with the moving party's reply due **October 21, 2022 at 11:59 p.m. (Atlantic Standard Time).**

        e.      If the Court does not expedite motion practice as requested above, the Oversight Board requests that the Court require Defendant to respond on or before **October 7, 2022 at 11:59 p.m. (Atlantic Standard Time)** to a motion for preliminary injunction to be filed by the Oversight Board on or before **September 23, 2022 at 11:59 p.m. (Atlantic Standard Time)**, and to allow the Oversight Board to reply by **October 14, 2022 at 11:59 p.m. (Atlantic Standard Time)**.

## BASIS FOR RELIEF

11.      The expedited schedule as set forth above and in the Proposed Order is appropriate. Act 41 has been enacted in violation of PROMESA § 108(a)(2) and is in effect,[6] and the Oversight Board has determined that Act 41 will have a significant negative impact on the Commonwealth's compliance with the 2022 Fiscal Plan and will impair or defeat PROMESA's purposes. The Oversight Board's economist analyzed Act 41 and concluded it will have a significant negative impact on the economy and will reduce Commonwealth revenues. Compl. ¶ 10. Such effects include decreased formal labor market participation, negative impacts on GNP growth, reduced market competition, reduced tax revenues, increased market uncertainty, discouraging new hiring, and a significant reduction of the Commonwealth's EITC expansion's effectiveness. *Id.* ¶ 76; *see also id.*, Ex. 29. Because Act 41 has been enacted by the Governor, its current implementation is

---

[6] Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint.

already adversely affecting the Commonwealth's compliance with the 2022 Fiscal Plan. *Id.* at 112.

12. The Oversight Board offered the Governor an opportunity to avoid litigation altogether and any resulting expedited schedule. Given that Act 41 was enacted and implemented despite the Oversight Board's prior notice to the Governor that such action was barred pursuant to § 108(a)(2) of PROMESA, the Oversight Board proposed to the Governor that the parties stipulate to an order staying the implementation of the Act while the parties engaged in a discussion concerning the Act. The Governor rejected the Oversight Board's proposal. Compl. ¶¶ 78, 80, 87.

13. To the extent Defendant invokes the need for discovery, the Governor may, if appropriate, invoke Rule 56(d) of the Federal Rules of Civil Procedure. In the Oversight Board's view, no discovery is necessary based on certain indisputable facts set forth in the Complaint.

14. *First*, the Governor enacted Act 41 notwithstanding the Oversight Board's determination and notice to the Governor that Act 41 impairs and/or defeats the purposes of PROMESA. The Oversight Board notified the Governor on multiple occasions that he was barred from signing Act 41 (or its legislative predecessors) into law under PROMESA § 108(a)(2). *See* Compl. ¶¶ 47-54. Notwithstanding these communications, the Governor signed Act 41 into law on June 20, 2022. *Id.* ¶ 54. Not only did the Governor know the enactment of Act 41 violated PROMESA, but he did so knowing he could not unilaterally suspend the law once it was enacted. *Id.* ¶ 73; *see also id.*, Ex. 26. Instead, the Governor conceded Act 41, which "regulates private market conduct[,] can only be enjoined by a court order or alternatively suspended pursuant to legislative action, neither of which fall under the Executive Branch's powers." *Id.* ¶ 73; *see also id.*, Ex. 26.

15. *Second*, contrary to its obligations under PROMESA § 204(a) and as requested by the Oversight Board, the Government has not prepared a formal estimate of the Act's impact on Commonwealth revenues and expenditures. *Id.* ¶¶ 61-68; *see also id.*, Ex. 21. The Governor has admitted this fact, claiming that preparing a formal estimate would be too "complex and difficult." *Id.* ¶ 81, *see also id.*, Ex. 31.

16. *Third*, the Governor's PROMESA § 204(a) certification is defective because it is predicated on Act 41's impact on a fiscal year budget that ended before the Act became effective. The Office of Management and Budget, the Department of Treasury, and the Department of Labor and Human Resources each determined that Act 41 had "no fiscal impact" on the "certified budget for fiscal year 2021-2022" which ended on June 30, 2022. *Id.* ¶¶ 63, 64; *see also id.*, at Ex. 21. However, Act 41 did not become effective until July 20, 2022. *Id.*; *see also id.*, ¶ 55. Thus, the Governor did not analyze the impact of Act 41 on revenues or expenditures for any time period during which the Act will be in effect. *Id.* ¶¶ 63-64; *see also id.*, Ex. 21.

17. In light of the foregoing, there is no genuine issue of material fact as to whether the Governor enacted Act 41 (*i*) in violation of PROMESA § 108(a)(2); and (*ii*) without complying with PROMESA § 204(a). Discovery is therefore not needed for the Oversight Board to move for summary judgment on each count in the Complaint. And, because discovery is unnecessary, no disadvantage or harm will be inflicted on any party by the Court's entry of the proposed expedited schedule.

18. To prevent additional and ongoing negative impacts caused by the Act, the Oversight Board seeks expedited adjudication of its Complaint on summary judgment. The Oversight Board submits its proposed briefing schedule will be the most efficient path to resolution of its claims as set forth in the Complaint. If this expedited schedule is adopted, the Oversight

Board will not move for a preliminary injunction to enjoin the enforcement of Act 41 pursuant to PROMESA §§ 104(k) and 204(a)(5). Otherwise, the Oversight Board requests the Court to order an expedited schedule for the preliminary injunction.

19. Counsel for the Governor has stated it intends to oppose this motion.

### NOTICE

20. Notice of this Urgent Motion has been provided to the Governor and his counsel and has been served via CM/ECF.

### CERTIFICATION IN COMPLIANCE WITH LOCAL RULE 9013-1 AND THE SIXTEENTH AMENDED CASE MANAGEMENT PROCEDURES

21. Pursuant to Local Rule 9013-1 and ¶ I.H of the Case Management Procedures, the Oversight Board hereby certifies that it has carefully examined the matter and concluded there is a true need for expedited consideration of this Urgent Motion; it has not created the urgency through any lack of due diligence; it has made a bona fide effort to resolve the matter without a hearing; and it has made reasonable, good faith communications in an effort to resolve or narrow the issues addressed in the Urgent Motion prior to filing. The Oversight Board understands Defendant does not consent to the relief sought herein and requests the opportunity to file a response to this Urgent Motion by a deadline set by the Court.

### NO PRIOR REQUEST

22. No previous request for relief requesting herein has been made to this or any other court.

**WHEREFORE** Plaintiff respectfully requests the Court approve the proposed schedule as set forth above, issue an order substantially in the form attached hereto as **Exhibit A**, and grant any and all other relief that is just and proper.

[*Reminder of Page Intentionally Left Blank*]

Dated: September 8, 2022
San Juan, Puerto Rico

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Julia D. Alonzo (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
         jalonzo@proskauer.com

*/s/ Timothy W. Mungovan*
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
Email: tmungovan@proskauer.com

*/s/ Guy Brenner*
Guy Brenner (*pro hac vice*)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Avenue N.W.
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6830
Fax: (202) 416-6899
Email: gbrenner@proskauer.com

*Attorneys for the Financial Oversight and Management for Puerto Rico*

10

# Exhibit A
# (Proposed Order)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors and Reorganized Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff-Movant,<br><br>v.<br><br>HON. PEDRO PIERLUISI URRUTIA, in his official capacity as Governor of Puerto Rico,<br><br>Defendant-Respondent. | Adv. Proc. No. 22-00063-LTS<br>in 17 BK 3283-LTS |

**[PROPOSED] ORDER SETTING EXPEDITED SCHEDULE**

Upon consideration of the *Urgent Motion of Financial Oversight and Management Board for Order Setting Expedited Briefing Schedule* (the "Urgent Motion"), filed on September 8, 2022 by Plaintiff the Financial Oversight and Management Board for Puerto Rico (the "Oversight

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Board"), for itself and as Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth"); and it appearing (*i*) the Court has subject matter jurisdiction over this Urgent Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (*ii*) venue of this proceeding and the Urgent Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (*iii*) notice of the Urgent Motion was adequate and proper under the circumstances and no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Urgent Motion is GRANTED as set forth herein.

2. Any response to the Complaint[2] shall be filed and served by **September 15, 2022 at 11:59 p.m. (Atlantic Standard Time)**.

3. If Defendant files a motion to dismiss the Complaint, the Oversight Board shall respond by **September 29, 2022 at 11:59 p.m. (Atlantic Standard Time)**, with any reply from the Defendant due on **October 8, 2022 at 11:59 p.m. (Atlantic Standard Time).**

4. If Defendant moves to dismiss the Complaint, any party to the Adversary Proceeding may move for summary judgment by **October 13, 2022 at 11:59 p.m. (Atlantic Standard Time)**, and the opposing party shall have until **October 27, 2022 at 11:59 p.m. (Atlantic Standard Time)** to respond, with the moving party's reply due **November 7, 2022 at 11:59 p.m. (Atlantic Standard Time).**

5. If Defendant files an Answer to the Complaint on September 15, 2022, any party to the Adversary Proceeding may move for summary judgment by **September 29,**

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Urgent Motion.

2

**2022 at 11:59 p.m. (Atlantic Standard Time)**, and the opposing party shall have until **October 13, 2022 at 11:59 p.m. (Atlantic Standard Time)** to respond, with the moving party's reply due **October 21, 2022 at 11:59 p.m. (Atlantic Standard Time)**.

6. [Alternative if paragraphs 2-5 are not ordered]: If the Oversight Board files a motion for a preliminary injunction on or before **September 23, 2022 at 11:59 p.m. (Atlantic Standard Time)**, Defendant shall respond on or before **October 7, 2022 at 11:59 p.m. (Atlantic Standard Time)**, and the Oversight Board may reply on or before **October 14, 2022 at 11:59 p.m. (Atlantic Standard Time)**.

7. The Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

Dated: September ____, 2022                         SO ORDERED:

                                                 _____
                                                 Honorable Laura Taylor Swain
                                                 United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer